UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA – TAMPA DIVISION

PAUL LITTLE,

    Plaintiff,

v.                                                  Case No: 8: 20-cv-2196-T-02-AEP

RITCHEY'S TRUCK REPAIR, INC.,
and RITCHEY'S WRECKER AND TRANSPORT
SERVICE, LLC,
    Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR FEES AND COSTS; ORDER STAYING CASE PENDING PAYMENT

This matter came before the Court for a hearing on Defendants' motion for fees and costs pursuant to Fed. R. Civ. P. 41(d).[1] The Court received briefing on the matter (Docs. 17, 20) and heard oral argument today's date from counsel. The Court grants the motion in part and denies it in part. Plaintiff must tender to

---

[1] Rule 41(d) states" **(d) Costs of a Previously Dismissed Action.** If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: **(1)** may order the plaintiff to pay all or part of the costs of the previous action; and **(2)** may stay the proceedings until the plaintiff has complied.

Defendants' counsel the sum of $718.03 as costs due under Fed. R. Civ. P. 41(d), and this case is stayed until this payment is made.

The relevant background is that Plaintiff filed a complaint in case no. 8:19-cv-1700, alleging actions against his employer.  After the case was nearly completed, Plaintiff dismissed when the undersigned denied without prejudice Plaintiff's motion to amend, for failure to meet and confer as required by local rules.  Plaintiff concurrently filed the instant lawsuit, on similar facts.  Upon direction of the Court, the Defendants sought redress for this dismissal in this present suit under Fed. R. Civ. P. 41(d), rather than in the former lawsuit.  Defendants sought various Rule 11-type sanctions in the former suit, which the Court did not find merited, as no intentional misconduct by Plaintiff or his lawyers was evident to the undersigned.

In the Rule 41(d) motion here, Defendants seek $1522.50 in expenses for mediation in the prior case.  They also seek $718.03 in deposition expense for taking Plaintiff's deposition there.  They further seek attorney's fees in the amount of $34,731.60 for that prior lawsuit.  In this regard, Defendants state that 90% of the attorney's fees incurred in the prior suit were wasted, with all that prior work useless in this second lawsuit.  This record is barren of any time sheets or records the Court could employ to determine whether the first effort is wasted and useless

for the second.  A portion of these fees sought were for unsuccessful sanctions motions.

Mediation expenses are not generally recoverable as litigation "costs." *Jean-Pierre* v. *Naples Comm. Hosp., Inc.,* No. 2:18-cv-98-FtM-38MRM, 2020 WL 1862612 (M.D. Fla. Apr. 14, 2020).  However, this is an expense that is entirely duplicative and wasted due to the double filing, and Defendants should not be required to pay it again.  Accordingly, the Court will order the Plaintiff to pay the entire cost of the mediation in the second, instant lawsuit.  When drafting the case management report, the parties will list this requirement.  Plaintiff's counsel agreed to this extra expense at the hearing today.

The rule does not mention attorney's fees.  It mentions costs.  There is some mixed authority that permits attorney's fees under Rule 41(d).  At least one court of appeals case is flatly to the contrary. *Rogers v. Wal-Mart Stores,* 230 F.3d 868, 875 (6th Cir. 2000).  *Rogers* appears well-reasoned to the undersigned.[2]  Neither Rule 41(d), nor 28 U.S.C. §1920 which lists taxable costs, lists attorney's fees as recoverable.  The Court prefers to read plain words plainly.  Other federal rules do list attorney's fees, but Rule 41(d) does not. *See* 230 F.3d at 875.  Absent Eleventh Circuit authority to the contrary, the undersigned finds *Rogers* persuasive and

---

[2] For other varying interpretations, none from the Eleventh Circuit, *see Horowitz v. 148 S. Emerson Assocs. LLC*, 888 F.3d 12, 24–26 (2d Cir. 2018) (citing cases).

denies attorney's fees.  If *Rogers* were wrongly decided, the undersigned refrains from exercising any discretion to award attorney's fees under Rule 41(d) due to the absence of vexatious or contumacious conduct.  Plaintiff does not appear to be engaging in "sharp" practices or forum shopping, however awkward his second filing might have been.  *See Wishneski v. Old Republic Ins. Co.*, No. 5:06-cv-148-Oc-10GRJ, 2006 WL 4764424, at *4 (M.D. Fla. Oct. 10, 2006).  Plaintiff also shows to the Court's satisfaction that he is impecunious and unable to answer for fees.

   In any event, the motion does not set forth the rate or qualifications for the rate, the detail concerning tasks worked when, for what purpose, and by whom, nor the traditional third-party affidavit attesting to the appropriateness of rate, tasks, and time.  Thus there is no basis for the Court to rule as to fees in the matters filed for this hearing.  *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.").  Merely citing an amount due is not sufficient to adjudicate the fees.  And that is true here when an additional inquiry is required to determine whether the detailed and specific work done in the first suit would be wasted or could be employed in the second suit.  At the hearing defense counsel offered to file the detailed back up, noting some judge's preference to receive the detail seriatim.

Taxable "costs" do include transcript fees and disbursements for printing. 28 U.S.C. §1920.  As those costs were for the Plaintiff's deposition, they were case-necessary and are recoverable.  And a new deposition may likely be required in this new case with slightly different allegations.  Accordingly, the Court awards $718.03 for these costs.  Payment must be made for this case to proceed forward, Fed. R. Civ. P. 41(d)(2).  The motion for fees and costs (Doc. 17) is otherwise denied.

**DONE AND ORDERED**, this 6th day of January, 2021.

_____
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**